Ruffin, C. J.
 

 It is not necessary to make any observation, as to the nature of the trust, created by the bill of sale, nor upon any other part of the merits, alleged or established in the pleadings and proofs, as there is a radical defect in constituting the cause, which is fatal to the bill. It is, that the husband of the plaintiff is not a party to the suit. It is perfectly settled, that a married woman cannot, by herself, institute a suit against any person. Where her interest is not separate from or adverse to the marital rights of the husband, he is a necessary parky, with her. She has not capacity to institute and carry oía a suit for herself, in any case. And it is not allowed to a'ny third person, officiously to assume the office of suing for a married woman, which, properly and legally, belongs to the husband. When, indeed, the husband and wife hate adverse claims, she is, from necessity, allowed to litigate the right with him. But, even then, she cannot, for want of capacity to conduct it, institute a suit for herself, bbt it must be done for her by some fit and responsible peí Son, as her next friend.
 
 Mit. Plead.
 
 28. Indeed, in the present case, it is^f plain, that the interest of the husband is directly involved in the question, whether the trust can be construed to be for the separate use of the wife, or is only a general trust for her, and, so, subject to his disposition. For thai\ reason he - would be an indispensable party, in order to protect his interest, and also to protect the defendants from an ac
 
 *238
 
 countability to him hereafter. But, upon the general ground, before mentioned, the husband must be a party, either with his wife or as a defendant.
 

 Per Curiam.
 

 Bill dismissed with costs, to be paid by the surety in the prosecution bond.